Good morning, Your Honor. Good morning. Let's just let everyone get situated before you start here. Thank you. Are we ready? We are. Okay, thank you. I'm sorry. If it would please the Court, Brian Dunn, on behalf of Plaintiff Troy Sanders, I'd like to reserve five minutes of my time for rebuttal. Probably won't need as much time as I have, though. We see this as a very straightforward case. The most significant issue having to do with Mr. Sanders' reversal of his conviction was that the Court, the Appellate Court, 5th Appellate District, reversed it due to the insufficiency of the evidence. Right. I think we know the 5th DCA, then the prosecutors appealed, and then ultimately the Supreme Court didn't take the case. I think there was one justice that said they should. And so Mr. Sanders' point is that the point that he won from the DCA, he should have been immediately released. That's correct. And you filed in 1983 saying that his liberty was taken away. And basically the Court granted, qualified, and said there's no clearly established law that says that you get out when you get a reversal until the judgment is final. And it wasn't final until the Supreme Court said they're not going to take it. So if you think we're wrong on the law that Mr. Sanders should have been released on March 12th, do you also argue that at the time that it takes to petition the California Supreme Court and the time that it takes the Supreme Court to issue a decision is unconstitutional? No. What I'm saying is that he had a right to be immediately released because he was effectively acquitted by virtue of the double jeopardy clause. But you don't deny that the prosecutors had a right to appeal that. Absolutely. And there are instances where a higher court says, reverses a lower court, and I have myself been the victim of that. So I think we all know that just because if we're not the highest court, we're not the final say. So your client, it was insufficiency of the evidence. They had a right to appeal. And basically as soon as the Supreme Court said they weren't going to take it, he gets processed and he gets out. So how many days are we talking about? 105 days. Okay. So he's not claiming that he was wrongfully held the whole time that he was in prison before the DCA said he gets out. No. The only point that we're trying to make, Your Honor. So what case do you have that says when an intermediate court says that you're acquitted, but the other side has a right to appeal, that he has a right to be released right then? Well, there is no case that says that. But there's also no case that says that they could hold him for that period of time. There's also... Well, isn't, when you ask, if you're asking for under 1983, doesn't qualify to be released if it's not clearly established, then they're entitled to qualified immunity on the second prong. And isn't that what the court did? Well, it is clearly established, because there's no answer to the question of how he can be held after he has been acquitted. He was a free man at that point. So let me ask you this. Did he ask to be released? When you say asked to be released, did he petition the court to be released? Yes. I was not his criminal lawyer, and I can't answer that with certainty. But I can say that he certainly, there was no legal justification, Your Honor, for them to hold him after he had been acquitted. He was a free man in the eyes of the law. We all know that with regard to appeals to the Supreme Court, they may grant certiorari or they may not grant certiorari. It's not like the appellate court where there's an automatic grant of appeal. Here, that is not a... Is it, could the Supreme Court have granted the petition for review, and could the Supreme Court have reversed the DCA? Yes, they could have. And if that was the case, he's not a free man, right? Then he should have been rearrested at that point, because the fact that his original arrest resulted in a conviction that had been completely done away with, it had been reversed due to the insufficiency of the evidence, at that moment, he's a free man. If the Supreme Court reverses, yeah, they could pick him up again and start over again. But at this point, he, in the eyes of the law, has been effectively acquitted. And so when we talk about what law is clearly established, that's as far as it gets. I should not have to show any case law affirming a person's right to be free after they have been acquitted. And the cases are... I could write an opinion that said, a judgment is not final until the last court has acted on it and clearly established that you don't have a right to be released until such time. Now, he could have said, he could have asked the court, can I be released while this appeal is pending? And people do that. People do that. They actually ask. But I could write an opinion and say, it's not a final judgment until the final court has acted on it. And when there's still a possibility that it could be reversed, there's no clearly established law. Well, how would the court reconcile the legion of authorities that say that once a man has his conviction reversed due to the insufficiency of the evidence, there is no retrial of that individual? No, but if the Supreme Court had reversed it, he could have a retrial. If the Supreme Court had reversed this and said there is sufficient evidence, then he could be retried. That's the law as well. That is correct, but... Counsel, you say that there's no analogous cases, but are you familiar with U.S. v. Jones in the District of Columbia, 2011? If it hasn't been cited and it's not in the papers anywhere, I must respectfully say no. Because Jones was convicted of conspiracy to distribute drugs and sentenced to life in prison. And the D.C. Circuit reversed on the grounds of constitutional grounds because the police installed a GPS device on his vehicle. And that's very different than insufficiency of the evidence, Your Honor. Yes, but the government appealed and the Supreme Court granted cert. But while the petition for cert is pending, he makes a motion for release. And the D.C. District Court denied the motion for release because it concluded it lacked jurisdiction because the Court of Appeals had not issued its mandate. So you have some authority there. Now, he could have moved for release on other grounds, but he chose the grounds you're stating and was rejected. So there's some authority. Well, the one thing about the court, the Jones case that the court just selected, I haven't even read it, but I can tell you that if it doesn't involve a reversal based on the insufficiency of the evidence, then it's not going to fall into that category. This is a very narrow exception that has been carved out. I may be mixed up, but I thought that if the trial court throws out the prosecution after trial for insufficiency of the evidence, there is no appeal. No, that was the appellate court that did that. No, no, no. I'm saying if the trial court were to throw out a prosecution for insufficiency of the evidence, you fail to do this. The government can't appeal, can it? Oh, yes, it can. Well, but there is one exception. No, wait. Clarify on that. Clarify, counsel, on that. You can't get a new trial? Can the prosecutor appeal if the trial court determines there's insufficiency of the evidence and throws out a conviction? Can the prosecutor appeal? Yes. The concept that I'm attempting to try to explain is the Supreme Court, the legion of Supreme Court cases. They specify that when a court of intermediate jurisdiction, it does not specify about what a trial court does. It says if a court of intermediate jurisdiction, that means a court of appeals, throws out a conviction of the trial court based on the reason that we have here, which is the insufficiency of the evidence. That person can't be retried. That does not apply if it happens at the lower court level. If a court of intermediate jurisdiction does this. I'm sorry. Was someone trying to? Look at us. I guess it's confusing. I know. It's confusing. I know. Where do I look if I'm looking at Judge? Oh, I see. There's a monitor right there. I didn't even see you. Okay. So now I don't have to divert my attention away. But it was some good maneuver. I'd rather be looking at you. I mean, I just didn't want to do it wrong. So this is what we're talking about, Your Honor. And I'm going to give you guys all of this. This is this is very narrow issue. Hadn't been decided before quite like this. But the thing that you have to reconcile. I guess the natural cross examiner that I am, the words that just came out of your mouth that this hasn't been decided before, says it's not clearly established to me. Well, the point is, is that the concept that I'm talking about, which is my fundamental concept, it has been decided a bunch of times. And what it says is that if there's an intermediate court that reverses just for this reason, then that is tantamount to an acquittal. That has been decided dozens of times. And it's pretty much Hornbook law. The thing that's new is what happens when instead of releasing them, which we would expect to happen, we release them. They hold him throughout the tendency. And we all know it takes a long time to file a petition to the Supreme Court. During that period of time, there was no conviction. There was no preliminary hearing holding him over. There was nothing holding him over. So during this period of time, he's free in the eyes of the law. And there is no reason to hold him. Now, if the Supreme Court, it's always unlikely they grant cert maybe one out of a dozen. I think it's just petition for review with the California Supreme Court. But if they grant it, yes. The U.S. Supreme Court is petition for cert. It's petition for review with the House Supremes. Oh, I'm sorry. I'm sorry. But it's still pretty rarely granted. I've only been in the Supreme Court once and it's pretty rarely granted. But the idea is, does he have a constitutional right to be free while that is pending? And there's no case that says that he can be held during that period of time. But give me a case that says he can be free. All of the cases that say that he's acquitted. I see you nodding your head. Judge Wallace is going, no, no. But there are so many cases that say that he is a free man. The question is the liability of the warden. Well, we have the county. We have the warden. You know what I'm saying. And the standard is, did they have to know that they were wrong? And if it's not established, you lose. Actually, that tie goes to the incarcerated person. Because you have to have a legal grounds to hold someone in this country. You have to have a constitutional basis. There was no sentence. He was not... Okay. I think we know your argument. Do you want to save any time for rebuttal? Sure. Okay. Significantly shorter. Sorry. Yes. It's still good morning. May it please the court. I am Deputy Attorney General Jennifer Burns. And I represent the defendants, Appalese Warden Johnson, and California Department of Corrections and Rehabilitation, or CDCR in this appeal. This court should affirm the district court's dismissal of Mr. Sanders' over-detention lawsuit because Warden Johnson is entitled to qualified immunity. Let me ask you a question. This is sort of a real-world question. Could the government have asked for an in-bank on this? Yes. So supposing they asked for an in-bank, and it went through the process, and that takes a while because it gets briefed, and they sit, and they discuss it, and so on. And then there's a petition for review. And let's say it takes a year and a half, in my hypothetical. Is there a point at which the government has to say, hey, wait a minute, this is a long time? No. And the reason is that the intermediate appellate court's decision is not a final decision. And under the principles of double jeopardy do not even apply until there has been a final decision on the merits. And under California law, an appellate court decision doesn't become final until the remitted are issued. I'm a little confused as to what extent we're bound by California law here as to what is final. Because it may not be final for purposes of California law, but for purposes of his constitutional rights, it may be. And on that point, there's no authority. Is that your position? No, that's incorrect. So Birx v. United States, which is a United States Supreme Court case, holds that when a criminal conviction has been reversed for insufficient evidence, the only just remedy, and this is the key point, is the, quote, direction of a judgment for acquittal. It is not the merits. It is not the acquittal in and of itself. Well, now, if someone, let's say the process does take really long. I believe that Mr. Sanders could have asked a court for bail. I mean, we have people that ask for bail while things are on appeal. Is that correct? I'm not positive on that, but I believe so. I mean, if something's on appeal, you know, a lot of times people, if they can show a likelihood of success or that, you know, when you evaluate maybe the flight or anything like that, that a court could have allowed him bail or let him out pending the final resolution. But I think your point is that the double jeopardy prohibition is that law goes into effect when you have a final judgment. And at that point, you certainly could not retry someone.  If that were the case. I'm a little confused here. What should we do about Kern County not being represented either in the district court or here? What's going on with that? So Kern County, like you said, did not appear before the district court. They haven't appeared on appeal. I think that, I mean, I don't represent Kern County, so I can't say, but I would think that they would have immunity as well. But, you know, currently the issue is whether Warden Johnson is entitled to qualified immunity. Okay. So in your brief, you cited Archdale v. American International, a California civil case, to argue that the government's petition to the Supreme Court prevented the court of appeal opinion from having any legal effect. Do the principles of finality in a civil action apply equally to the finality of a criminal action? Yes. And this is under California law, and I'll explain this to you. So the California rules of courts are separated into different categories. There's a category for finality of civil appeals and a category for finality of criminal appeals. The finality rules on criminal appeals simply refer you back to the finality on civil appeals. So the rules on remediator are the same for both civil and criminal. So do you think it's, all right, let's just say hypothetically that the panel thinks that there's no right to be released. Until the judgment is final. Is there a basis to write an opinion on the first prong? The district court here dealt on the second prong. Is it iffy to write that on the first prong because not every state's the same as California? Or how does that apply to, tell me? It seems like if there had been something out there that says you don't have a right to release until a judgment is final. But there wasn't anything out there like that. So as to the first prong, Mr. Sanders' due process claim fails on the merits because he did not have a right to be released while his criminal conviction was pending further appellate review. We know that innocent persons can be imprisoned following a trial so long as they are afforded due process of law. And here, Mr. Sanders was afforded all of the process due under the 14th Amendment through the direct appeal of his criminal conviction. And I think we're all pretty confident with the timeline here, so I'm going to spare us that. But essentially, the intermediate appellate court's March 11, 21 decision was not final until the remediator issued under California law. And that was June 10, 2021. And under California law, the trial court then has to make any orders necessary to carry that decision or judgment into effect. So like the rule on mandate, on Friday, June 18, 2021, the trial court held a hearing on remediator, which was like a hearing on mandate, and issued the amended abstract of judgment, which was the very first time that there was an order to release Mr. Sanders from CDCR custody. So I actually looked at the DCN. I was actually kind of surprised that they found that there was insufficient evidence. So it didn't seem to me that it was a frivolous appeal. But what if it were so obvious that it say that it was a, let's say it was a DNA exoneration, or something along those lines, or a factual innocence. Could you be tagged if it appeared to be a frivolous appeal to drag things out, to hold someone in custody if it looked really frivolous? Perhaps, but I think in that situation, the fifth DCA could have directed the trial court to immediately release Mr. Sanders. And as we've discussed previously, Mr. Sanders could have also moved to be out on bail during the pendency of the appellate proceeding. Does the Department of Corrections have any internal policy to determine whether an inmate should be released pending the reversal of a conviction in the court of appeal? So under Title 15 of the California Code of Regulations, this is Section 3371.1, CDCR has five business days to release an inmate after receipt of an amended abstract of judgment, or other valid court order to release the inmate. But do they have anything that says, gee, at some point we ought to, you know, if this is stretched out too long, we ought to take a look at it? No, Your Honor, and, you know, CDCR is, they're not the court, right? The court has the authority to release an inmate, and they need to hear from the court that that inmate is to be released. So you would say that would put them out of their lane if they started releasing people, saying, well, I'm going to just go take a look at the DCA opinion, and I'm going to let them go. Yes, that's correct, and also there is case law supporting or standing for the proposition that CDCR and prison officials are not required to look at court records beyond what's in the institutional file, and that's the Stein case that was cited in the briefing. If I understand it, he didn't ask for any relief, is that correct? And by that you mean Mr. Sanders, that's correct. Mr. Sanders, yeah. So on the federal side, if the Court of Appeals reverses a conviction for insufficiency of the evidence, and there is a question there, and the government can ask for cert from the Supreme Court, correct? Yes. But if I understand, are mandate issues unless there's a stay of the mandate? If the mandate were to issue, the person would be entitled to be released, is that correct? Yes, I believe so. Is there any provision for that kind of proceeding, because the review of the California Supreme Court is discretionary, just as the Supreme Court's is, is that correct? Yes, there is. Let me pull it up so I can get it to you directly. So California Rules of Court, this is Rule 8.272. You will find this attached to the addendum to the answering brief. There is an immediate issuance of an order, and so that would be the procedure. So if the 5th DCA had ordered his immediate release, you would have released him? Yes. Even if there had been a petition for review? Yes. Because that would be an order from the court to CDC to release someone. Yes, that is correct. Okay. I also just want to address that double jeopardy, a decision reversing a criminal conviction for insufficient evidence is not in and of itself an acquittal. And I want to direct the panel to four specific cases that stand for that proposition. The first is People v. Cooper, and this is a California appellate court case. And the second is Burks v. United States, which I've also already mentioned is a United States Supreme Court case. Both of those hold that double jeopardy is, again, inapplicable until there has been a final decision on the merits. And Burks, the Supreme Court, stated specifically that the remedy is the direction of a judgment for acquittal. And under California law, again, it's the trial court that has to carry that judgment into court. And that's what this case is going to affect. The last two cases that I want to direct the panel's attention to is United States v. Shreve, which is a Ninth Circuit decision, and United States v. Martin Linen Supply Co. Both of those hold that double jeopardy is not offended where an appeal represents no threat of a retrial. And that's important because here we have a jury that had convicted Mr. Sanders, and then there was an appeal, and the appellate court reversed for insufficient evidence. And if the review had been successful, the California Supreme Court would have merely reinstated the guilty verdict. There never would have been a retrial in this case, so double jeopardy is essentially inapplicable to this case. So what happens in this hypothetical? Jury convicts, judge issues a JNOV, and directs immediate release of the prisoner. Government appeals. I want to make sure I understood your question. You said the jury convicts, and then there's a JNOV? Yes. So once a jury convicts, then you – I mean, there can't be a retrial when double jeopardy applies. So let's say I think a lot of the cases have somewhat of a different situation, where if there's a JNOV and it's based on insufficiency of the evidence, you may appeal still because there's a jury –  Yes, because there is still – there's a jury conviction. And then if the appellate court says the JNOV was improperly granted, they just reinstate the verdict? Yes, that's correct. And then the defendant can appeal whatever he wants? Yes, correct. An acquittal by the jury, however, is an acquittal. Yes, that would immediately bar a retrial. That's correct. And if someone's acquitted by the jury, then they would be – you would get that notification, and you would process that person differently than where there was – it was not a final judgment, because the acquittal by the jury would be seen as a final judgment, correct? Yes, that's correct. I mean, in that situation, it would be highly unlikely that an inmate would be in CDCR's custody. They would likely still be in – The county jail. Yes. All right. We don't have any additional questions, but you're free to use the balance of your time. I would just respectfully request that this court affirm the district court's dismissal of Mr. Sanders' over-detention lawsuit for all of the reasons we've discussed. Thank you. So would you – hypothetically, because, as I've said in other cases, we haven't conferenced, so we don't have a decision on this case at this point, do you think it's most appropriate to handle this on the second prong, rather than say that there's a clearly established right? Yeah, the state would actually prefer that this panel affirm under the first prong of the qualified immunity analysis, because Mr. Sanders' due process rights were not violated here, and I'll just briefly go into this. We've discussed that he didn't have a right to be released during the pendency of appellate proceedings, but beyond that, Mr. Sanders was released within a reasonable time after the reason for his detention ended, the reason for his detention ended being the issuance of the amended abstract of judgment. And the reason why the time was reasonable between the issuance of the amended abstract of judgment and his release on June 24, 2021, was that under Title 15, the warden had five business days to release Mr. Sanders, and Mr. Sanders has not argued that that five-day rule is unconstitutional or unreasonable, and Mr. Sanders was in fact released just two days after CDCR received the amended abstract of judgment, which is quite swift. So, you know, for that reason, the state would prefer that this be dealt with under the first prong. All right, thank you. I'll be brief. Hypothetically speaking, suppose he goes to trial and the jury acquits him. He doesn't have to petition to be released from custody at that point. In fact, it is the duty, without him having to do anything else, to have him walk out of the courthouse. And we agree with you. Now, I'm going to read to you Supreme Court holdings. Because reversal for insufficiency of the evidence is equivalent to a judgment of acquittal, such a reversal bars a retrial. McDaniel v. Brown, 130 Supreme Court, 665, at page 672. In United States v. DeFrancisco, 449 U.S. 117 at page 131, the Supreme Court reiterated that the reversal for insufficient evidence is the one exception to the general rule that if a trial has ended in a conviction, the double jeopardy guarantee imposes no limitations upon the power to retry a defendant. Tibbs v. Florida, 457 U.S. 31 at page 40. All right, tell me this. The prosecutor cannot appeal a jury acquittal. End of story. A prosecutor can appeal a court's determination of insufficiency of the evidence. So how are you not conflating those two as being exactly the same? Because they're not from that standpoint of when it's final. The government cannot hold you without just cause. There's no right even to bail if there's no arrest. The entire legal basis for holding Mr. Sanders in custody was that there was a belief that he had committed this murder. The judgment acquitted him from that. Therefore, he could not be held while the prosecution exercised its right to appeal. One of the most fundamental precepts of our law, and this is Federal law, a convicted prisoner has a due process right to be released within a reasonable time after the reason for his detention ended, Baker v. McAllen, 443 U.S. 137. You promised a lot of times that you weren't going to be very long, and now you're in overtime. Am I? Oh, yeah. The clock's going up. Watch it. Oops, there it is. So that being said, I think we well understand your position on both sides, and we appreciate both of your argument, and we will let you know. All right. Thank you both. This matter will stand submitted. This court is in recess until tomorrow at 9 a.m. I need some help with anything. This court for this session stands adjourned.
judges: SCHROEDER, CALLAHAN, Wallach